UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

Case No. 21-60673-CIV-ALTMAN/HUNT

MARISA C. SMITH,

    Plaintiff,
v.

NATIONSTAR MORTGAGE, LLC,
d/b/a MR. COOPER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before this Court on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application") pursuant to 28 U.S.C. § 1915. ECF No. 3. The Honorable Roy K. Altman referred this case to the undersigned United States Magistrate Judge for pretrial non-dispositive matters. S*ee* 28 U.S.C. § 636(b); S.D. Fla. Mag. R. 1. Having carefully reviewed Plaintiff's Application, the court file, and the applicable law, the undersigned respectfully recommends that Plaintiff's Motion be DENIED.

Courts follow a two-step process when determining whether a pro se plaintiff should be permitted to proceed in forma pauperis: first, a determination must be made whether the plaintiff qualifies by economic status, 28 U.S.C. § 1915(a)(1);[1] and second, the court must determine whether the cause of action stated in the complaint is "frivolous

---

[1] Although § 1915(a)(1) uses the phrase "prisoner possesses," the in forma pauperis statute is not limited to prisoner suits. *E.g., Haynes v. Scott*, 116 F.3d 137, 140 (citing *Floyd v. USPS*, 105 F.3d 274, 276 (6th Cir. 1997)); *see also Powell v. Hoover*, 956 F. Supp. 564, 566 (M.D. Pa. 1997).

or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). While an applicant need not be "absolutely destitute" or subject herself to a public charge in order to proceed with IFP status, an applicant's "affidavit will be held sufficient if it represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1307 (11th Cir. 2004); *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life").

Plaintiff's Application indicates that she has monthly gross wages of $6,500, take-home wages of $5,200, $3,700 in savings, and a motor vehicle worth $2,800. Plaintiff's monthly expenses include: a mortgage in the amount of $2,275.08; utilities in the amount of $350; student loan payments in the amount of $650; miscellaneous expenses in the amount of $450; and food and clothing expenses in the amount of $400. Plaintiff's application also lists an early retirement loan in the amount of $500. Further, Plaintiff's application indicates that she does not have any dependents. As Plaintiff's income exceeds her monthly liabilities, the undersigned finds that payment of the court fees and costs will not leave her unable to support or provide necessities for herself. Accordingly, the undersigned concludes that Plaintiff's Application does not establish the economic criteria to proceed in forma pauperis.

As Plaintiff's Application does not pass the first step, the undersigned need not review the Complaint and proceed to the second step. Accordingly, it is hereby RECOMMENDED that Plaintiff's Application, ECF No. 3, be DENIED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3–1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE AND SUBMITTED at Fort Lauderdale, Florida this 31st day of March 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

The Honorable Roy K. Altman

Marisa C. Smith, Pro Se
3809 SW 164th Terrace
Miramar, FL 33029