UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-60673-CIV-ALTMAN/Hunt

**MARISA SMITH**,

    *Plaintiff*,

v.

**NATIONSTAR MORTGAGE, LLC**,

    *Defendant.*
_____/

### ORDER

Magistrate Judge Patrick M. Hunt has submitted a Report and Recommendation [ECF No. 4] (the "Report"), in which he suggests that the Court deny the Plaintiff's Motion for Leave to Proceed *in forma pauperis* [ECF No. 3] ("IFP Motion"). *See* Report at 3. Magistrate Judge Hunt warned the Plaintiff as follows: "Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985)." *Id.* Despite this unambiguous warning, the Plaintiff has failed to timely object to Magistrate Judge Hunt's Report.

When a magistrate judge's "disposition" has been properly objected to, district courts must review that disposition *de novo*. FED. R. CIV. P. 72(b)(3). But, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged that Congress'

intent was to require *de novo* review only where objections have been properly filed—and not, as here, when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). In any event, the "[f]ailure to object to the magistrate [judge]'s factual findings after notice precludes a later attack on these findings." *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988) (citing *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. 1982)).

"To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week-old, unrefrigerated dead fish." *Parts & Elec. Motors, Inc. v. Sterling Elec., Inc.*, 866 F.2d 228, 233 (7th Cir. 1988). The Court has reviewed the Report, the IFP Motion, and the governing law and can find no clear error on the face of the Report. Accordingly, the Court hereby **ORDERS AND ADJUDGES** as follows:

1. The Report [ECF No. 4] is **ACCEPTED and ADOPTED**.
2. The Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* [ECF No. 3] is **DENIED**.
3. The Plaintiff is **ORDERED** to pay the full filing fee ($402.00) by **April 19, 2021**. Failure to do so will result in dismissal without further notice.

**DONE AND ORDERED** in Fort Lauderdale, Florida this 14th day of April 2021.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record